### EDWARD E. SMITH *vs.* RHODE ISLAND COMPANY.

#### PROVIDENCE—FEBRUARY 19, 1904.

PRESENT: Stiness, C. J., Tillinghast and Blodgett, JJ.

(1) *Pleading. Master and Servant. Negligence. Case. Trespass.*

An action of case will lie against a master, for an assault committed by a servant, only when the action is for injuries resulting from negligence, and for the wrongful acts committed by the servant without the master's orders, and for which he as principal is responsible.

(2) *Joinder of Counts. Case. Trespass.*

A count in trespass can not be joined with an action of the case, under the practice in this State.

TRESPASS ON THE CASE for negligence. Heard on demurrer to declaration, and demurrer sustained.

PER CURIAM. The court is of opinion that the demurrer to the second count of the declaration is well taken.

The action is brought in case. The second count alleges an assault.

The plaintiff relies on *Mossessian* v. *Callender,* 24 R. I. 168, as an authority that an assault may be sued for in case where a principal is liable for the acts of an agent. Undoubtedly it may be; but the plaintiff overlooks the qualification of this rule, stated in the opinion, that case is the proper remedy only where the action is for injuries resulting from negligence, and for the wrongful acts committed by one's servant without his orders, but which for he, as principal, is responsible.

The court held that the declaration sued for damages for consequential force, and, hence, the action should have been in case and not trespass.

No such question arises in the present case. Here the plaintiff has put a count in trespass in an action of the case. The count can not be construed as a count in case. It alleges direct and willful force. It has no semblance of a count in case. (2) A count in trespass can not be joined with an action of the case, under the practice followed in this State. 1 Chit. Pl. *201; 1 Ency. Pl. & Pr. 169, *n.* 3. Trespass and Case.

The demurrer to the second count is sustained.

*David S. Baker and Lewis A. Waterman,* for plaintiff.

*Henry W. Hayes, Frank T. Easton, and Lefferts S. Hoffman,* for defendant.